SIDNEY GROSVENOR, Respondent, v. EDWARD F. HOLLAND, Appellant.— Appeal from a judgment of the County Court of Schenectady county, reversing a judgment of the City Court of the City of Schenectady. The defendant was the owner and

possessed a parcel of real estate, upon which were two mortgages. The principal was due on the mortgages, and the interest and taxes were unpaid. The defendant offered to convey the property to either or both of the mortgagees and the offer was refused, and payments demanded, which were not made. The plaintiff, as agent of the mortgagees, and the defendant made the following agreement in writing:

" Dec. 7/34: Received from Edward F. Holland $70.00 for use of premises known as #1153, Schenectady, N. Y., from Oct. 1/34 to Dec. 1/34, subject to approval of Wm. W. Davis, and Susan Grosvenor, mortgagees, of said property.

" SIDNEY GROSVENOR,

" *Agent.*

" On and after Dec. 1/34 said Mr. Holland agrees to pay to Sidney Grosvenor, agent for mortgagees, $35.00 monthly in advance for the use of described property, and said Mr. E. F. Holland further agrees to vacate said property at any time upon thirty days' notice from said mortgagees, or Sidney Grosvenor, agent for mortgagees.

" The above described Edward F. Holland hereby signs his name in acceptance of terms in this agreement.

" EDWARD F. HOLLAND.

" Witness.

" SIDNEY GROSVENOR."

These moneys were to be used to pay interest, taxes, etc. On the 26th of March, 1935, he conveyed the premises to the second mortgagee, subject to the first mortgage, and vacated the premises on May first following. Pursuant to the written instrument, the defendant paid ninety dollars, leaving a balance of eighty-five dollars to recover, for which this action is brought. The City Court gave judgment dismissing the complaint. On appeal the County Court reversed the City Court, and gave judgment to the plaintiff in the sum of eighty-five dollars, together with interest and costs. The mortgage contained no provisions requiring the mortgagor to pay rent or to abandon the premises. There was no attornment between the mortgagor and the mortgagee, as claimed by the plaintiff, as there was no such provision in the mortgage, nor any separate valid agreement therefor. On its face there was no consideration in the writing for the promise of the mortgagor, nor was any shown in the proof. The plaintiff assumed no responsibility whatever under the writing. It was unilateral and not enforcible. Judgment of the County Court reversed on the law, with costs, and judgment of the City Court reinstated. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur. [158 Misc. 925.]